UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SPENCER NORMAN, KIEFER NORMAN, COURTNEY NORMAN, HELEN S. NORMAN<br><br>   Plaintiffs,<br><br>v.<br><br>TASER INTERNATIONAL, INC.<br> SERVE:<br> The Corporation Trust Company<br> 1209 Orange Street<br> Wilmington, DE 19801<br><br>CAMDEN COUNTY<br> SERVE:<br> Rowland Todd, County Clerk<br> 1 Court Circle, Ste. 2<br> Camdenton, MO 65020<br><br>BRIAN D. FIENE<br>Sergeant, Camden County Sheriff's Office<br> SERVE:<br> 1 Court Circle, Suite 13<br> Camdenton, Missouri 65020<br><br>DWIGHT D. FRANKLIN<br>Sheriff, Camden County Sheriff's Office<br> SERVE:<br> 1 Court Circle, Suite 13<br> Camdenton, Missouri 65020<br><br>   Defendants. | Cause No.<br><br>Division No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

  COME NOW Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, and Helen

Norman and for their Complaint against TASER International, Inc., Camden County, Brian D.

Fiene, and Dwight D. Franklin, state as follows:

## PARTIES

1. Plaintiff Spencer Norman is a resident and citizen of Missouri and the natural son of Decedent Glenn David Norman.

2. Plaintiff Kiefer Norman is a resident and citizen of Missouri and the natural son of Decedent Glenn David Norman.

3. Plaintiff Courtney Norman is a resident and citizen of Missouri and the natural daughter of Decedent Glenn David Norman.

4. Plaintiff Helen S. Norman is a resident and citizen of Missouri and the natural mother of Decdent Glenn David Norman.

5. Plaintiffs bring this action pursuant to MO. REV. STAT. § 537.080, commonly referred to as the "Missouri Wrongful Death Statute," on behalf of themselves and all persons entitled to recover under said statute. Plaintiffs are the proper parties to bring this action for the wrongful death of Glenn David Norman.

6. Defendant TASER International, Inc. is a Delaware Corporation with its principle place of business in Arizona that designs, manufactures, fabricates, markets, sells, and distributes Electrical Control Devices ("ECDs"), including the X26 model at issue here.

7. Defendant Camden County is a governmental entity operating pursuant to the laws of the State of Missouri, capable of being sued.

8. Defendant Brian D. Fiene is employed as a sergeant by the Camden County Sheriff's Office and at all times mentioned herein was acting in the course and scope of his employment therein and under color of state law.

9. Defendant Dwight D. Franklin is employed as the Sheriff of the Camden County Sheriff's Office and at all times herein was acting in the course and scope of his employment therein and under color of state law.

## JURISDICTION

10. Jurisdiction against the governmental Defendants (all Defendants other than TASER, International, Inc.) is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and by the doctrine of pendent jurisdiction pursuant to 28 U.S.C. § 1367.

11. The claims against TASER International, Inc. are within the supplemental jurisdiction of the Court.

## VENUE

12. Plaintiffs' claims arise out of an incident occurring within this judicial district, in Camden County, Missouri.

## FACTUAL ALLEGATIONS

13. On or around October 4, 2011, at approximately 4:24 a.m., Sergeant Brian D. Fiene, Deputy Richard B. Dziadosz, Deputy Jamee L. Watson, and Deputy Larry L. Rutherford of the Camden County Sherriff's Office responded to a 911 call made by Jason R. Cramer at the residence at 258 Teer Drive, Linn Creek, Missouri.

14. When the officers arrived, Decedent Glenn David Norman was in the yard of the house next-door to the 911 caller. According to the officers, Decedent Glenn David Norman resisted when they tried to place him under arrest.

15. Sergeant Brian D. Fiene discharged his X26 ECD in probe mode striking Decedent Glenn David Norman in the chest with both ECD probes and subjecting the decedent to fifty thousand (50,000) volts of electricity for a period of, at least, ten (10) continuous seconds.

16. Data downloaded from the X26 ECD indicates that Sergeant Fiene discharged the X26 fifteen (15) times in less than two and a half minutes for a total discharge period of one minute and twenty four seconds.

17. Shortly thereafter, Mr. Norman lost consciousness and stopped breathing.

18. As a direct result of receiving shocks from the X26, Decedent Glenn David Norman went into cardiac arrest, became unresponsive, and died at the scene.

## COUNT I

## WRONGFUL DEATH - RECKLESS, WILLFUL, AND WANTON MISCONDUCT

**(Against Defendants Camden County, Brian D. Fiene, and Dwight D. Franklin)**

19. Plaintiff incorporates by reference all of the previous allegations contained in the foregoing as if fully rewritten herein.

20. At all times mentioned herein, the individual Defendant officers from the Camden County Sheriff's Office acted with deliberate indifference to the safety, security and well-being of the decedent, and were further reckless, willful and wanton in their conduct, including:

   a. Subjecting Decedent to unreasonable use of force;

   b. Selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

   c. Failing to adequately train, supervise, and control employees in the dangers of repeated or prolonged TASER shocks, including, without limitation, the use of potentially lethal tactics, taking into custody of persons such as the Decedent, who are perhaps under the influence of alcohol or drugs, but not otherwise engaged in criminal activity, and who many have pre-existing medical conditions which make such tactics unreasonably dangerous;

   d. Failing to implement protocols and train officers in the proper way to contain, treat and secure persons such as the Decedent who may be in an agitated state because of voluntary intoxication;

   e. Failing to adequately discipline police officers involved in misconduct;

f. Condoning and encouraging officers in the belief that they can violate the rights of persons such as the Decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

g. Failing to promulgate, distribute and enforce reasonable ECD policies and procedures which not only limit the number and length of ECD discharges but limit the use of ECDs to situations where a subject poses an immediate threat to the officer or member of the public.

21. At all times mentioned herein, the Defendants owed the Decedent and Plaintiffs a duty of due care, and that duty was breached through their aforementioned reckless, willful and wanton misconduct which were a direct and proximate cause of Glenn David Norman's death.

22. At all times mentioned herein, the Defendants owed Decedent Glenn David Norman a duty of due care, and that duty was breached in that their reckless, willful and wanton misconduct in the training and supervision of officers, particularly with regard to incidents involving agitated, intoxicated persons such as the Decedent, and with regard to the use of an ECD.

23. At all times mentioned herein, the Defendants acted in a willful, wanton and reckless manner and the actions were a direct and proximate cause of Glenn David Norman's death and Plaintiffs' resulting damages.

24. Defendants' conduct showed a complete indifference to or a conscious disregard for the safety of Decedent and others, thereby justifying an award of additional damages for aggravating circumstances in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

5

Case 2:12-cv-04210-NKL   Document 1   Filed 08/02/12   Page 5 of 13

25. As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs have incurred medical, burial, funeral and other related expenses.

26. Plaintiffs have forever lost the love, services, consortium, comfort, instruction, guidance, counsel, training, and support of Decedent. In addition, Plaintiffs are entitled to all damages that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

WHEREFORE Plaintiffs pray for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), in addition to damages for aggravating circumstances, their costs herein incurred, and further relief as may be just and proper.

## COUNT II

### 42 U.S.C. § 1983

**(Against Defendants Camden County, Brian D. Fiene, and Dwight D. Franklin)**

27. Plaintiffs incorporate by reference all of the foregoing allegations as if fully rewritten herein.

28. At all times mentioned herein, Plaintiffs and Decedent are citizens of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

29. In the manner aforementioned, the County and its officials, employees, agents, and representatives were acting at all times under the color of the statutes, ordinances regulations, customs, and law.

30. In the manner aforementioned, the County and its officials, employees, agents, and representatives knowingly and purposely deprived Decedent of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

31. The County's officials, employees, agents, and representatives knew, or should have known, that their acts and omissions as described herein were prohibited under federal law.

32. The County's mistreatment of Decedent was perpetrated pursuant to the municipality's policies and customs.

33. The foregoing wrongful acts of the County, its officials, employees, agents, and representatives were a direct and proximate cause of the death of Glenn David Norman.

34. As a direct and proximate result of the County's interference with Plaintiffs' and Decedent's federal constitutional and statutory rights, they have suffered the aforementioned damages and losses which are expected to be ongoing.

35. Defendants' conduct showed a complete indifference to or a conscious disregard for the safety of Decedent and others, thereby justifying an award of additional damages for aggravating circumstances in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiffs pray for judgment against Defendants in a sum in excess of twenty-five thousand dollars ($25,000.00), in addition to damages for aggravating circumstances, their costs herein incurred, and further relief as may be just and proper.

## COUNT III

### STRICT PRODUCT LIABILITY - DESIGN DEFECT

**(Against Defendant TASER International, Inc.)**

36. Plaintiffs incorporate by reference all of the foregoing allegations as if fully rewritten herein.

37. Defendant TASER International, Inc. designed, manufactured, distributed and sold the X26 ECD that caused or contributed to cause Decedent's death.

38. The X26 ECD was in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use for the following reasons:

   a. The X26 delivers a high-voltage electrical current into the body resulting in cardiac capture, which can lead to dangerous changes in heart rhythm, including sinus tachycardia and ventricular fibrillation, resulting in cardiac arrest and ultimately death;

   b. When targeted at and delivering an electric current into the chest in close proximity to the heart, the electrical charge from an X26 causes cardiac capture which significantly increases the likelihood of dangerous changes in heart rhythm, including sinus tachycardia and ventricular fibrillation;

   c. Multiple or extended exposure by an individual to the X26's electrical current significantly increases the likelihood of dangerous changes in heart rhythm, including sinus tachycardia and ventricular fibrillation, and the X26 is designed such that an extended shock can be delivered to a person merely by holding down the trigger of the device;

   d. Use of the X26 in conjunction with other forms of police restraint can significantly increase the likelihood of dangerous changes in heart rhythm, including sinus tachycardia and ventricular fibrillation; including heightening levels of stress hormones and/or adrenaline while the individual is being electrocuted by the X26;

   e. Use of the X26 against persons of smaller stature and weight who possess thin chest walls can significantly increase the likelihood of dangerous changes in heart rhythm and cardiac arrest from its use;

f. The X26 is defective in that it produces electrical currents in the body that are more powerful than intended or acknowledged by Defendant.

39. The defects and failure to warn described above directly caused or contributed to cause the death of Glenn David Norman.

40. As a direct and proximate result of the injuries and death of Glenn David Norman, Plaintiffs were required to expend, incur, and become indebted for medical and funeral expenses.

41. Further, Plaintiffs have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Glenn David Norman, together with all damages that Glenn David Norman sustained before his death and for which he would have been entitled to recover had he lived.

42. Defendant's conduct as set forth above constitutes a complete indifference to or a conscious disregard for the safety of Decedent and others, entitling Plaintiffs to an award of additional damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE Plaintiffs pray for judgment against Defendant in a sum in excess of twenty-five thousand dollars ($25,000.00), in addition to damages for aggravating circumstances, their costs herein incurred, and further relief as may be just and proper.

## COUNT IV

### STRICT PRODUCT LIABILITY – FAILURE TO WARN

**(Against Defendant TASER International, Inc.)**

43. Plaintiffs incorporate by reference all of the foregoing allegations as if fully rewritten herein.

44. Defendant TASER International, Inc. designed, manufactured, distributed and sold the X26 ECD, which caused or contributed to cause Decedent's death, without adequate

9

Case 2:12-cv-04210-NKL   Document 1   Filed 08/02/12   Page 9 of 13

instructions or warnings regarding the defects and unreasonably dangerous conditions set forth above.

45. The X26 was sold without clear and understandable warnings as to the effect of direct shocks to the chest, prolonged shocks, the danger of shocking people who are under the influence of alcohol or drugs, such that the weapon causes unnecessary deaths.

46. At all times mentioned herein, Defendant TASER International, Inc, sold TASER ECDs to local law enforcement agencies without adequate warning of or training in its potential for causing cardiac arrest resulting in death and great bodily injury, especially when shocks are administered directly to the chest in and around the heart.

47. Defendant's failure to adequately instruct and warn, as described above, directly caused or contributed to cause the death of Glenn David Norman.

48. As a direct and proximate result of the injuries and death of Glenn David Norman, Plaintiffs were required to expend, incur, and become indebted for medical and funeral expenses.

49. Further, Plaintiffs have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Glenn David Norman, together with all damages that Glenn David Norman sustained before his death and for which he would have been entitled to recover had he lived.

50. Defendant's conduct as set forth above constitutes a complete indifference to or a conscious disregard for the safety of Decedent and others, entitling Plaintiffs to an award of additional damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE Plaintiffs pray for judgment against Defendant in a sum in excess of twenty-five thousand dollars ($25,000.00), in addition to damages for aggravating circumstances, their costs herein incurred, and further relief as may be just and proper.

## COUNT V

## NEGLIGENCE

### (Against Defendant TASER International, Inc.)

51. Plaintiffs incorporate by reference all of the foregoing allegations as if fully rewritten herein.

52. Defendant TASER International, Inc designed, manufactured, distributed and sold the X26 ECD that caused or contributed to cause the death of Glenn David Norman.

53. Defendant TASER International, Inc. had a duty to exercise due care in designing, manufacturing, distributing, and selling the X26 ECD.

54. Defendant TASER International, Inc. failed to use ordinary care to design, manufacture, distribute, and sell its X26 ECDs to be reasonably safe by the acts and omissions described above, including its failure to warn of the dangerous and defective condition of its product.

55. Defendant TASER International, Inc. knew or reasonably should have known that death or severe bodily injury was substantially likely to occur as a result of its acts and omissions as described above.

56. The conduct as described above directly caused or contributed to cause Glenn David Norman's death.

57. As a direct and proximate result of the injuries to and death of Glenn David Norman, Plaintiffs were required to expend, incur and become indebted for medical and funeral expenses.

58. Further, Plaintiffs have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Glenn David

Norman, together with all damages that Glenn David Norman sustained before his death and for which he would have been entitled to recover had he lived.

59. Defendant's conduct as set forth above constitutes a complete indifference to or a conscious disregard for the safety of Glenn David Norman, and others, entitling Plaintiffs to an award of additional damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE Plaintiffs pray for judgment against Defendant in a sum in excess of twenty-five thousand dollars ($25,000.00), in addition to damages for aggravating circumstances, their costs herein incurred, and further relief as may be just and proper.

## COUNT VI

**NEGLIGENTLY SUPPLYING A DANGEROUS INSTRUMENTALITY FOR SUPPLIER'S BUSINESS PURPOSES**

**(Against Defendant TASER International, Inc.)**

60. Plaintiffs incorporate by reference all of the foregoing allegations as if fully rewritten herein.

61. Defendant TASER International, Inc. supplied a dangerous instrumentality, the X26 ECD, for use by the Camden County Sheriff's Office.

62. At the time it was provided to the Camden County Sheriff's Office, the X26 ECD had a defect or hazard, and was therefore dangerous when put to a reasonably expected use; namely, the X26 had a propensity to cause cardiac capture resulting in dangerous changes in heart rhythm including sinus tachycardia and ventricular fibrillation.

63. The X26 was put to a reasonably expected use.

64. Defendant TASER International, Inc. knew, or in the exercise of reasonable care should have known of the dangerous condition.

65. Defendant TASER International, Inc. failed to exercise ordinary care to either make the condition reasonably safe or adequately warn of it.

66. This failure caused or contributed to cause Glenn David Norman's death.

67. As a direct and proximate result of the injuries to and death of Glenn David Norman, Plaintiffs were required to expend, incur and become indebted for medical and funeral expenses.

68. Further, Plaintiffs have forever lost the love, services, consortium, companionship, comfort, instruction, guidance, counsel, training and support of Glenn David Norman, together with all damages that Glenn David Norman sustained before his death and for which he would have been entitled to recover had he lived.

69. Defendant's conduct as set forth above constitutes a complete indifference to or a conscious disregard for the safety of Glenn David Norman, and others, entitling Plaintiffs to an award of additional damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE Plaintiffs pray for judgment against Defendant in a sum in excess of twenty-five thousand dollars ($25,000.00), in addition to damages for aggravating circumstances, their costs herein incurred, and further relief as may be just and proper.

**THE SIMON LAW FIRM, P.C.**

/s/ John G. Simon
By: John G. Simon, #35321MO
Kevin M. Carnie Jr., #60979MO
800 Market Street, Suite 1700
St. Louis, MO 63101
Telephone: 314-241-2929
Facsimile: 314-241-2029
Jsimon@simonlawpc.com
Kcarnie@simonlawpc.com

*Attorneys for Plaintiffs*