IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SPENCER NORMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 2:12-CV-04210-NKL |
| v. ) | |
| ) | |
| CAMDEN COUNTY, MISSOURI, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY BY PLAINTIFFS' EXPERT MICHAEL LEONESIO

Defendants Camden County, Missouri, Camden County Sheriff Dwight D. Franklin, Camden County Sergeant Brian Fiene, Camden County Deputy Richard B. Dziadosz, Camden County Deputy Larry L. Rutherford, and Camden County Deputy Jamee L. Watson (collectively referred to hereinafter "Defendants"), for Defendants' Motion to Exclude Expert Testimony by Plaintiffs' Expert Michael Leonesio, state as follows:

1. Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, and Helen S. Norman (collectively referred to hereinafter as "Plaintiffs") have filed a First Amended Complaint against Camden County, Sheriff Franklin, Sgt. Fiene, and deputy sheriffs Dziadosz, Watson, and Rutherford alleging claims arising out of the arrest of Glenn David Norman on October 4, 2011, and his subsequent death while he was in the custody of deputy sheriffs of Camden County. In Count I, Plaintiffs allege claims under the Missouri wrongful death statute against all Defendants contending that the acts and omissions of the Defendants caused the death of Norman on October 4, 2011. In Count II, Plaintiffs allege claims under 42 U.S.C. §1983 against all Defendants for the deprivation of Norman's rights under the United States Constitution pursuant to the policies and customs of Camden County.

2. Plaintiffs disclosed Michael Leonesio ("Leonesio") as a retained expert witness regarding law enforcement policies and procedures. A copy of their expert disclosure is attached to Defendants' Suggestions in Support of Their Motion to Exclude Expert Testimony by Plaintiffs' Expert Michael Leonesio as Exhibit A and incorporated herein by reference. Plaintiffs provided Defendants with Leonesio's report and his supplemental report. The report and supplemental report are attached to Defendants' Suggestions in Support of Their Motion to Exclude Expert Testimony by Plaintiffs' Expert Michael Leonesio as Exhibits B and C, respectively, and incorporated herein by reference.

3. Leonesio should be excluded from testifying or providing any opinions that consist of legal conclusions and/or that supply the jury with no information except for what he believes their verdict should be in this lawsuit, including, but not limited to, any testimony or opinions that unreasonable, excessive, and/or unnecessary force was used on the decedent; that Defendants failed to intervene; that Defendants were negligent; regarding the reasonableness of Defendants' actions; what he believes the appropriate legal standards are that govern Defendants' actions and Plaintiffs' claims in this lawsuit; and/or that the decedent's death was the direct result of a lack of adequate policies or training relating to the use of force, scene management and supervision, and the management of emotionally disturbed persons. See Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995); Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990); Cole v. Bone, 993 F.2d 1328, 1333-34 (8th Cir. 1993); Schulz v. Long, 44 F.3d 643, 649 (8th Cir. 1995).

4. Leonesio should also be excluded from testifying or providing any opinions regarding Defendants' actions prior to or after the use of force, that Defendants' actions caused or contributed to cause the need for the use of force and/or an increased amount of force, that

Defendants should have engaged in different or more prudent actions, and/or that Defendants should have used a lesser degree of force. See Cole, 993 F.2d at 1333-34; Schulz, 44 F.3d at 649.

5. Leonesio's general testimony and opinions regarding the use of communication by law enforcement officers are irrelevant and will not assist the jury in better understanding the evidence and/or determining an issue of fact in this case. Accordingly, Leonesio should be excluded from testifying or providing any opinions regarding the general use of communication by law enforcement officers. See Lee v. Andersen, 616 F.3d 803, 808 (8th Cir. 2010).

6. Leonesio should further be excluded from testifying or providing any opinions regarding alleged violations of Camden County policies because any such alleged violations are legal conclusions and irrelevant in determining if the decedent's constitutional rights were violated by Defendants. See Cole, 993 F.2d at 1334; Estes v. Moore, 993 F.2d 161, 163 (8th Cir. 1993).

7. Leonesio should be excluded from testifying or providing any opinions regarding the decedent's medical condition, including, but not limited to, any testimony or opinions that the decedent was suffering a "medical emergency" during his interaction with the deputies, because Leonesio is not qualified to give expert testimony regarding the alleged medical condition of the decedent and, even if he were, Plaintiffs and Leonesio have failed to demonstrate by a preponderance of the evidence that the methodology used by Leonesio in rendering such opinions is scientifically valid. See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 757-58 (8th Cir. 2006).

8. Defendants have contemporaneously filed with this motion Defendants' Suggestions in Support of Their Motion to Exclude Expert Testimony by Plaintiffs' Expert

Michael Leonesio and incorporate it herein by reference.

**WHEREFORE**, Defendants respectfully request that the Court enter an order granting Defendants' Motion to Exclude Expert Testimony by Plaintiffs' Expert Michael Leonesio and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

PAULE, CAMAZINE & BLUMENTHAL, P.C.
*A Professional Corporation*

By:/s/ D. Keith Henson
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
St. Louis (Clayton), MO 63105-3772
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
khenson@pcblawfirm.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby states a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system and sent via E-Mail and U. S. Mail this 9th day of December, 2013 to:

John G. Simon
Kevin M. Carnie, Jr.
The Simon Law Firm, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
Attorneys for Plaintiffs

/s/ D. Keith Henson

01524272.DOCX/9652-090 - 12/5/2013 02:24 PM