IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SPENCER NORMAN, KIEFER NORMAN, COURTNEY NORMAN, and HELEN S. NORMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CAMDEN COUNTY, BRIAN D. FIENE, DWIGHT D. FRANKLIN, RICHARD B. DZIADOSZ, LARRY L. RUTHERFORD, and JAMEE L. WATSON, <br><br> Defendants. | Case No.: 2:12-CV-04210-NKL |

## MOTION OF DEFENDANTS CAMDEN COUNTY, BRIAN D. FIENE, DWIGHT D. FRANKLIN, RICHARD B. DZIADOSZ, LARRY L. RUTHERFORD, AND JAMEE L. WATSON FOR SUMMARY JUDGMENT

Defendants Camden County, Brian D. Fiene, Dwight D. Franklin, Richard B. Dziadosz, Larry L. Rutherford, and Jamee L. Watson (hereinafter "Camden County, Sgt. Fiene, Sheriff Franklin, Deputy Dziadosz, Deputy Rutherford, and Deputy Watson"), by and through counsel, respectfully move the Court, pursuant to Fed.R.Civ.P. 56., W.D.L.R. 7.0, and W.D.L.R. 56.1, for an order granting summary judgment against Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, and Helen S. Norman (hereinafter "Plaintiffs") on their claims in the First Amended Complaint for the following reasons:

1.      Plaintiffs' claims for the wrongful death of Glenn David Norman ("Norman") under Missouri law against Camden County are barred by the doctrine of sovereign immunity because Plaintiffs have failed to allege any facts demonstrating that their claims are within an

exception to sovereign immunity as codified in Mo.Rev.Stat. §537.600 and because Camden County has not waived sovereign immunity by the purchase of insurance.

2. Plaintiffs cannot establish a claim for the wrongful death of Norman under Missouri law, or a claim for any alleged violations of Norman's constitutional rights, against Sheriff Franklin and Deputy Rutherford for the use of unreasonable force because they were present during the arrest of Norman, did not participate in the arrest of Norman, and did not use any force upon Norman during or after his arrest.

3. Plaintiffs cannot establish a claim for the wrongful death of Norman under Missouri law against Sgt. Fiene, Deputy Dziadosz, and Deputy Watson for the use of unreasonable force because the claim is barred by official immunity and because the force used to arrest Norman was reasonable.

4. Plaintiffs cannot establish a claim for the wrongful death of Norman under Missouri law against any of the Defendant officers for failure to train, failure to supervise, failure to adopt policies, or any other state law claim asserted in Count I of the First Amended Complaint because the state law claims are barred by the doctrine of official immunity and the public duty doctrine.

5. Plaintiffs cannot establish a constitutional claim for the deprivation of Norman's rights under the United States Constitution under 42 U.S.C. §1983 against Sgt. Fiene, Sheriff Franklin, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford in their individual capacities because Plaintiffs have failed to allege constitutional claims against them in their individual capacities, so it is presumed that they are sued only in their official capacities, with the constitutional claims being actually directed against Camden County itself.

6. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution pursuant to the policies and customs of Camden County because no evidence supports a finding that Norman's constitutional rights were violated by any act of Sgt. Fiene, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford.

7. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution for the acts of Sgt. Fiene, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford because Camden County cannot be liable for their acts on a *respondeat superior* theory and cannot be found vicariously liable for their acts.

8. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution pursuant to the policies and customs of Camden County because, even assuming the constitutional rights of Norman were violated, no evidence supports a finding that any constitutional violation was caused by a policy or custom of Camden County.

9. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution pursuant to the policies and customs of Camden County because no evidence supports a finding that the constitutional rights of Norman were violated by any action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of Camden County as to constitute a custom or usage with the force of law.

10. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution

pursuant to the policies and customs of Camden County because no evidence establishes that a policy or custom of Camden County relevant to the Plaintiffs' claims was unconstitutional.

11. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution based upon the failure of Camden County to enact and adopt policies because no evidence establishes that Camden County had notice that the failure to enact any policy was likely to result in a constitutional violation.

12. Plaintiffs cannot establish a claim under 42 U.S.C. §1983 for municipal liability against Camden County for deprivation of Norman's rights under the United States Constitution pursuant to a policy and custom of Camden County regarding the training of deputy sheriffs because the evidence establishes that the training of Sgt. Fiene, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford was adequate and met constitutional standards, that Camden County had no notice that its training of the deputy sheriffs was insufficient to protect constitutional rights to support a finding that the training procedures were inadequate and likely to result in violation of constitutional rights, and that Camden County did not deliberately ignore an obvious need to provide additional training to establish fault rising to the level of deliberate indifference.

13. Plaintiffs' claims for punitive damages against Camden County, Sgt. Fiene, Sheriff Franklin, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford in their official capacities, fail because Camden County and the individual Defendants sued in their official capacities are immune from an award of punitive damages under 42 U.S.C. §1983.

4
01527797.DOC/9652-090 - 12/9/2013 07:57 AM
Case 2:12-cv-04210-NKL   Document 109   Filed 12/09/13   Page 4 of 6

14. Defendants Camden County, Sgt. Fiene, Sheriff Franklin, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford hereby incorporate by reference their Suggestions in Support of this Motion for Summary Judgment as though fully set forth herein.

Accordingly, for the above and foregoing reasons, Defendants Camden County, Sgt. Fiene, Sheriff Franklin, Deputy Dziadosz, Deputy Watson, and Deputy Rutherford respectfully request the Court to enter an order granting summary judgment to each Defendant on all claims in the First Amended Complaint, awarding them their reasonable attorney fees and costs, and for such other and further relies as the Court deems just and proper.

Respectfully submitted,

PAULE, CAMAZINE & BLUMENTHAL, P.C.
*A Professional Corporation*

By: /s/ D. Keith Henson
D. Keith Henson, #31988MO
165 North Meramec Ave., Suite 110
St. Louis (Clayton), MO 63105-3772
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
khenson@pcblawfirm.com
Attorney for Defendants Camden County, Brian D. Fiene, Dwight D. Franklin, Richard B. Dziadosz, Larry L. Rutherford, and Jamee L. Watson

## CERTIFICATE OF SERVICE

The undersigned hereby states a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system and sent via U. S. Mail this 9th day of December, 2013 to:

John G. Simon
Kevin M. Carnie, Jr.
The Simon Law Firm, P.C.
800 Market Street, Suite 1700
St. Louis, MO  63101
Attorneys for Plaintiffs

/s/ D. Keith Henson