IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SPENCER NORMAN, KIEFER NORMAN, )
COURTNEY NORMAN, and )
HELEN S. NORMAN, )
)
    Plaintiffs, )
) Case No.: 2:12-CV-04210-NKL
v. )
)
CAMDEN COUNTY, BRIAN D. FIENE, )
DWIGHT D. FRANKLIN, )
RICHARD B. DZIADOSZ, )
LARRY L. RUTHERFORD, and )
JAMEE L. WATSON, )
)
    Defendants. )

## AFFIDAVIT OF LARRY RUTHERFORD

State of Missouri    )
)
County of Scott    )

Larry Rutherford, being duly sworn upon his oath, states that he has personal knowledge of the following facts:

1. I was hired as a deputy sheriff by Camden County, Missouri on June 8, 2006.

2. I attended the police academy at the Missouri Sheriffs' Association Training Academy graduating on June 8, 2006 with 640 hours of police training.

3. I was licensed by the Missouri Department of Public Safety as a police officer in the State of Missouri on June 8, 2006 and was granted a Class A license.

4. I received 40 hours of training as a First Responder to provide medical care and treatment to the sick and injured during my training at the Missouri Sheriffs' Association Training Academy.



Exhibit H

5. During my training at the academy, I had training in arrest procedures, use of force, constitutional law, defensive tactics, handcuffing techniques, monitoring individuals in custody, and the law concerning the detention and arrest of individuals.

6. I had training at the police academy in defensive tactics, including pressure point control tactics, which included instruction on the use of force to arrest an individual and how to properly apply handcuffs when making an arrest.

7. I received training for cardiopulmonary resuscitation and using an automated external defibrillator during my training at the Missouri Sheriffs' Association Training Academy.

8. I received additional training in cardiopulmonary resuscitation for the health care provider in 2009 and in June, 2011.

9. I received additional training in Pressure Point Control Tactics Tactical Handcuffing on July 19, 2011 which included training about the use of handcuffs in making an arrest.

10. I received 40 hours of training in high risk warrant service which included training in arrest procedures and use of force in making arrests in 2008.

11. I attended constitutional law classes in 2009 and 2010 which included, among other issues, training about the use of force to arrest individuals, arrest procedures, the use of a taser in arresting an individual, and the use of handcuffs in arresting an individual.

12. I attended training in the police academy, and from the date I graduated from the police academy in 2006 through practical classes and constitutional law classes, that taught me I could only use force to arrest individuals that was objectively

reasonable and only the force which a reasonably prudent law enforcement officer would use under same or similar conditions considering the totality of the circumstances.

13. I received in excess of 180 hours of police training from June 8, 2006 until October 4, 2011.

14. I received training about monitoring individuals in custody for medical needs which included 40 hours of First Responder training in emergency medical care in the academy, cardiopulmonary resuscitation and using an automated external defibrillator in the academy, cardiopulmonary resuscitation in 2009, and cardiopulmonary resuscitation in June, 2011.

15. I was trained in the First Responder and cardiopulmonary resuscitation (CPR) classes about the procedures for providing cardiopulmonary resuscitation to an individual who had stopped breathing.

16. I have had no complaints lodged against me during my employment with the Camden County Sheriff's Department for my use of force in making arrests, improper or false arrest, the use of a taser in making an arrest, failure to monitor an individual in custody, for procedures utilized to handcuff an individual, for causing injury to an individual during an arrest, for failing to render first aid to an arrestee, or for procedures utilized to arrest an emotionally disturbed person prior to October 4, 2011.

17. I have never been named as a Defendant in a lawsuit alleging claims about my duties and responsibilities as a law enforcement officer prior to this case.

18. I had arrested in excess of 400 individuals prior to October 4, 2011.

19. I had read and reviewed the Camden County Sheriff's Office Policy Manual, including the policy on "Use of Force and Weapons" prior to October 4, 2011.

20. I was trained by the Camden County Sheriff's Department that any use of force to arrest an individual had to comply with the "Use of Force and Weapons" policy of the Camden County Sheriff's Department.

21. I arrived on the scene at 4:47:14 a.m. after the individual had been moved to the short grass area.

22. I was not involved in the arrest of the individual and did not use any force on the individual during his arrest or after his arrest.

23. Thereafter, Deputy Dziadosz and I observed that the individual stopped breathing and no pulse could be found for him.

24. Deputy Dziadosz and I began CPR on the individual when he stopped breathing and lost a pulse.

25. I was interviewed by the Missouri Highway Patrol in the investigation.

26. I prepared a report concerning my interaction with Glenn David Norman.

FURTHER, AFFIANT SAYETH NOT.

_____
LARRY RUTHERFORD

STATE OF MISSOURI   )
                    ) SS.
COUNTY OF           )

Subscribed and sworn to before me this 3rd day of December, 2013.

_____
Notary Public

My Commission Expires: 5-11-2014