

COURT REPORTING & VIDEO

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SPENCER NORMAN, KIEFER NORMAN,
COURTNEY NORMAN AND HELEN S. NORMAN

VS.

CAMDEN COUNTY, BRIAN D. FIENE, DWIGHT D. FRANKLIN,
RICHARD B. DZIADOSZ, LARRY L. RUTHERFORD,
AND JAMEE L. WATSON

Case No. 2:12-CV-04210-NKL

DEPOSITION OF MATTHEW SOUTHARD

JULY 2, 2013



Exhibit O

NATIONWIDE SCHEDULING

**OFFICES**
MISSOURI Springfield  Jefferson City  Kansas City  Columbia  Rolla  Cape Girardeau
KANSAS Overland Park  ILLINOIS Springfield  Champaign

HEADQUARTERS: 711 North Eleventh Street, ST. Louis, Missouri 63101
**800.280.3376**
www.midwestlitigation.com

1   (WHEREUPON, the deposition began at
2   1:32 p.m.)
3   MATTHEW L. SOUTHARD, being sworn, testified as
4   follows:
5   DIRECT EXAMINATION BY MR. HENSON:
6       Q.   Sir, would you please state your full
7   name and address for the record.
8       A.   Matthew L. Southard, 16550 Highway C,
9   Phillipsburg, Missouri.
10      Q.   Mr. Southard, my name is Keith
11  Henson. I introduced myself to you outside. We
12  are here today to take your deposition in a lawsuit
13  that is styled Norman, et al versus Camden County,
14  et al, and I will tell you that I represent the
15  Defendants, which would be Camden County, Missouri,
16  Sheriff Dwight Franklin, Sergeant Brian Fiene,
17  Deputy Richard Dziadosz, Deputy Jamee Watson and
18  Deputy Larry Rutherford in this lawsuit.
19  Mr. Carnie who is here today and has introduced
20  himself to you represents the Norman family in this
21  lawsuit.
22          So you understand we're taking your
23  deposition in that lawsuit?
24      A.   Yes, I do.
25      Q.   Are you appearing here today pursuant

1   Mid-County, they're also manned 24 hours, but

2   they're both volunteer also.

3       Q.   Are there times when both fire

4   department and Camden County EMS will arrive on

5   scenes?

6       A.   Yes, most of the time.

7       Q.   Do you know that night whether or not

8   the fire department was called out?

9       A.   I do not know.

10      Q.   When you got to the scene that

11  evening, it looks like you arrived at 5:01 a.m.; is

12  that correct?

13      A.   Yes.

14      Q.   And you said that patient contact was

15  at 5:02 --

16      A.   Yes.

17      Q.   -- a.m.; is that correct?

18      A.   Right.

19      Q.   Did you learn any additional

20  information about this call as you were en route to

21  the scene other than the Taser had been deployed?

22      A.   No, I didn't, not -- not that I can

23  recollect.

24      Q.   All right. And there's nothing

25  contained in the report that indicates you learned

1    And I'm sure you've been through this
2 before, but we don't care what you do.  If you want
3 to read it and sign it, that's fine.  If you want
4 to waive your right to read and sign, which is what
5 most people do, that's fine, too.
6    THE WITNESS:  I'll waive it.  That's
7 fine.
8    (SIGNATURE WAIVED.)
9    (WHEREUPON, the deposition concluded
10 at 2:54 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25