IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SPENCER NORMAN, KIEFER NORMAN, )
COURTNEY NORMAN, and )
HELEN S. NORMAN, )
)
    Plaintiffs, )
) Case No.: 2:12-CV-04210-NKL
v. )
)
CAMDEN COUNTY, BRIAN D. FIENE, )
DWIGHT D. FRANKLIN, )
RICHARD B. DZIADOSZ, )
LARRY L. RUTHERFORD, and )
JAMEE L. WATSON, )
)
    Defendants. )

## PLAINTIFFS' ANSWERS TO DEFENDANT DWIGHT FRANKLIN'S FIRST SET OF INTERROGATORIES

Plaintiffs, by and through their attorneys of record, for their answers to Defendant Dwight Franklin's First Set of Interrogatories, state the following:

### OBJECTIONS

Plaintiffs object to these Interrogatories, as they are in violation of FED. R. CIV. P. 33 in that this Interrogatory includes more than "25 written interrogatories, *including all discrete subparts*." (emphasis added). Plaintiffs further object to these Interrogatories as they are overly broad and unduly burdensome. Plaintiffs also object to these Interrogatories in that they seek expert witness testimony. These expert witnesses have been deposed by Defendants and copies of their reports have been provided to Defendants. Requiring further explanation of expert witness testimony would be unduly burdensome and redundant. Plaintiffs object to these Interrogatories in that they are premature at this point in the pretrial proceedings. Plaintiffs have not had an opportunity to depose the Defendants or a representative from the Camden County Sheriff's Department.

### ANSWERS

1. Please identify each and every person who participated in the compilation of information necessary to answer these interrogatories by stating your full name, your date and


Exhibit T

(a) The identity of each person who communicated each fact to you or was the source of information that made you aware of each fact;
(b) The identify of each document that communicated each fact to you or was the source of information that made you aware of each fact;
(c) The specific date and time that each fact was communicated to you or you otherwise became aware of each fact;
(d) The identity of each person who was present when you first became aware of each fact;
(e) A verbatim recital of the communication that communicated each fact to you or that made you aware of each fact and, if in writing, please attach a copy of each recital, statement, or document that communicated each fact to you;
(f) The identity of each individual who has knowledge of each fact and/or who witnessed each fact identified in this interrogatory; and
(g) Identify all documents relating to or evidencing each fact identified in this response and state the identity of the current custodian of each document.

**ANSWER:**

**Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs do not currently have knowledge of Defendants' propensities for excessive force, violence, or other misconduct. However, Plaintiffs have not had the opportunity to depose the Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.**


5. Please state each fact that Plaintiffs contend support the allegations in Paragraphs 24 and 24(c) of the First Amended Complaint that "Defendant officers from the Camden County Sheriff's Office acted with deliberate indifference to the safety, security and well-being of the decedent, and were further reckless, willful and wanton in their conduct..." by allegedly "[f]ailing to adequately train, supervise, and control employees in the dangers of repeated or prolonged TASER shocks, the use of potentially lethal tactics, and taking into custody of persons such as the Decedent, who are perhaps under the influence of alcohol or drugs, but not otherwise engaged in criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous", and for each fact, please state:

(a) The identity of each person who communicated each fact to you or was the source of information that made you aware of each fact;
(b) The identify of each document that communicated each fact to you or was the source of information that made you aware of each fact;
(c) The specific date and time that each fact was communicated to you or you otherwise became aware of each fact;
(d) The identity of each person who was present when you first became aware of each fact;
(e) A verbatim recital of the communication that communicated each fact to you or that made you aware of each fact and, if in writing, please attach a copy of each recital, statement, or document that communicated each fact to you;
(f) The identity of each individual who has knowledge of each fact and/or who witnessed each fact identified in this interrogatory; and
(g) Identify all documents relating to or evidencing each fact identified in this response and state the identity of the current custodian of each document.

**ANSWER:**

**Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs state that Camden County does not have any policies regarding arrest procedures, treatment of subjects after arrest, or handling emotionally disturbed persons. (Leonesio Dep. 55-57.) Encountering these situations are common in law enforcement. (Id. at 69.) Furthermore, "hundreds of other policies" should have been in the manual, and the manual is one of the smallest policy manuals Mr. Leonesio has ever seen. (Id. at 57, 79.) There were no First-Aid policies in the manual. (Id. at 80.) Defendant Camden County failed to ensure the officers received re-certification in the training they did complete. (Id. at 160.) It failed to put in place policies dealing with monitoring subjects in custody. (Id. at 144.) Additionally, according to Defendant Dziadosz, Camden County trains its officers to put a knee in the back of handcuffed suspects until the person stops struggling. (See Dziadosz Dep.) Dziadosz also testified that this is a Camden County policy. (Id.) Dziadosz further testified that Camden County does not have any policies to prevent in-custody deaths, any policies covering asphyxia, or any policies for dealing with emotionally disturbed persons. (Id.) See also Mike Leonesio Dep., Leonesio Expert Report, Leonesio Supplemental Report, O'Halloran Dep., O'Halloran Expert Report, and Peters Dep. Additionally, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.**

6. Please state each fact that Plaintiffs contend support the allegations in Paragraphs 24 and 24(d) of the First Amended Complaint that "Defendant officers from the Camden County Sheriff's Office acted with deliberate indifference to the safety, security and well-being of the

6

Leonesio Supplemental Report, O'Halloran Dep., O'Halloran Expert Report, and Peters Dep. See also Missouri State Highway Patrol Report and Autopsy Report. Furthermore, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.

13. Please state each fact that Plaintiffs contend support the allegations in Paragraph 36 of the First Amended Complaint that "[t]he County's mistreatment of Decedent was perpetrated pursuant to the municipality's policies and customs", and for each fact, please state:

   (a) The identity of each person who communicated each fact to you or was the source of information that made you aware of each fact;
   (b) The identify of each document that communicated each fact to you or was the source of information that made you aware of each fact;
   (c) The specific date and time that each fact was communicated to you or you otherwise became aware of each fact;
   (d) The identity of each person who was present when you first became aware of each fact;
   (e) A verbatim recital of the communication that communicated each fact to you or that made you aware of each fact and, if in writing, please attach a copy of each recital, statement, or document that communicated each fact to you;
   (f) The identity of each individual who has knowledge of each fact and/or who witnessed each fact identified in this interrogatory; and
   (g) Identify all documents relating to or evidencing each fact identified in this response and state the identity of the current custodian of each document.

**ANSWER:**

Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, see Answers to Interrogatories 2, 3, and 5. Camden County failed to implement policies, procedures, and training for situations it knew its officers would encounter on a daily basis. Furthermore, Defendant Dziadosz testified that Camden County trains its officers to put a knee in the back of handcuffed subjects until they stop struggling. (See Dziadosz Dep.) He also testified that this is a policy of Camden County. (Id.) Furthermore, Camden County does not have any policies concerning handling of emotionally disturbed persons, any policies regarding prevention of in-custody deaths, or any policies dealing with preventing in-custody deaths. (Id.) See also, Dr. Carl Stacy Dep., Dr. Douglas Miller Dep., Jason Cramer Dep., Amber Smith Dep., Matthew Southard Dep., Jack Davis Dep., William Durant Dep., Mike Leonesio Dep., Mike Leonesio Expert Report, Leonesio Supplemental Report, O'Halloran Dep., O'Halloran Expert Report, and Peters Dep. See also Missouri State Highway Patrol Report, all statements and interviews provided by Camden County, and Autopsy Report. Furthermore, Plaintiffs have not had the opportunity

to depose Defendants or a representative from Camden County Sheriff's
Department. Plaintiffs reserve the right to supplement upon further discovery.

14. Do Plaintiffs contend that the actions of Defendant Brian Fiene violated any written policy of Camden County, Missouri and/or the Camden County Sheriff's Department? Yes ☒ No ☐. If your answer is in the affirmative, please state:

(a) The identity of each written policy of Camden County, Missouri and/or the Camden County Sheriff's Department that Plaintiffs contend was violated by any act or conduct of Defendant Brian Fiene;
(b) A description of all actions and conduct of Defendant Brian Fiene that violated any written policy of Camden County, Missouri and/or the Camden County Sheriff's Department;
(c) The identity of each person with knowledge that any act or conduct of Defendant Brian Fiene violated a written policy of Camden County, Missouri and/or the Camden County Sheriff's Department;
(d) The identity of each witness to Defendant Brian Fiene violating any written policy of Camden County, Missouri and/or the Camden County Sheriff's Department;
(e) Identify all facts you rely upon in contending that the acts of Defendant Brian Fiene violated any written policy of Camden County, Missouri and/or the Camden County Sheriff's Department; and
(f) Identify all documents relating to or evidencing any violation of a written policy of Camden County, Missouri and/or the Camden County Sheriff's Department by Defendant Brian Fiene and state the identity of the current custodian of each document.

**ANSWER:**

**Yes. Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs contend that Defendant Fiene violated Camden County's use of force policies. (See Leonesio Dep.) Defendant Fiene should not have been carrying his TASER that night since he did not have the required training for that TASER. (Id at 82.) Defendant Fiene had never been trained in the use of that TASER and there was no recertification of any other TASER that he did train with. (Id.) Defendant Fiene's repeated use of the TASER, particularly Drive Stunning Decedent and activating the TASER 15 times, was excessive force in violation of Camden County's policies. (Id. at 84.) Defendant Fiene had yet to establish Decedent was a credible threat before firing his TASER at Decedent. (Id. at 112.) Defendant Fiene repeatedly used the TASER even though Decedent was not resisting. (Durant Dep. 46.) Defendant Fiene repeatedly used the TASER just to cause Decedent pain. (Leonesio Dep. 84.) Sitting on top of Mr. Norman was excessive force in violation of Camden County's use of force policy. Additionally, see**

(e) State a description of each occasion and/or incident, including the date of each occasion and/or incident and the identity of each person involved in each occasion and/or incident where each policy and custom was applied; and
(f) Identify all documents relating to or evidencing each policy and custom identified in this response and state the identity of the current custodian of each document.

**ANSWER:**

**Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, see Answers to Interrogatories 5 and 13. See also Mike Leonesio Dep., Leonesio Expert Report, Leonesio Supplemental Report, O'Halloran Dep., O'Halloran Expert Report, and Peters Dep. Furthermore, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.**

19. Do you contend that Defendant Brian Fiene was not qualified to be a police officer due to lack of experience, lack of training or because he had "demonstrable propensities for excessive force, violence, and other misconduct" as alleged in Paragraph 24(b) of the First Amended Complaint? Yes ☒ No ☐. If your answer is in the affirmative, please state:

(a) A full description of each fact you rely upon in alleging that Defendant Brian Fiene was not qualified to be a police officer due to lack of experience;
(b) A full description of each fact you reply upon in contending that Defendant Brian Fiene was not qualified to be a police officer due to lack of training;
(c) A full description of each fact you reply upon in contending that Defendant Brian Fiene was not qualified to be a police officer due to demonstrable propensities for excessive force, violence and other misconduct, including a full description of each incident of excessive force, violence or other misconduct involving Defendant Brian Fiene before October 4, 2011, including the date of each incident, and the identity of each person involved in each incident;
(d) The identity of all persons having knowledge that Defendant Brian Fiene was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, and other misconduct, including a description of each person's knowledge about these facts; and
(e) Identify all documents relating to or evidencing that Defendant Brian Fiene was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, or other misconduct.

**ANSWER:**

> Yes. Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs state that Defendant Fiene did not have the minimum hours of training required to carry his TASER. (Leonesio Dep. 82.) Defendant Fiene had no training in dealing with emotionally disturbed persons. (Id. at 105-07.) Defendant Fiene was not trained in appropriate use of force, arrest procedures, treatment of subjects after arrest, monitoring subjects after use of force, monitoring subjects in custody, or reducing the risk of in-custody deaths. (See generally, Leonesio Dep.) Camden County inappropriately trained Defendant Fiene to put a knee on handcuffed subjects until they stop struggling. (See Dziadosz Dep.) Furthermore, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.

20. Do you contend that Defendant Richard Dziadosz was not qualified to be a police officer due to lack of experience, lack of training or because he had "demonstrable propensities for excessive force, violence, and other misconduct" as alleged in Paragraph 24(b) of the First Amended Complaint? Yes ☒ No ☐. If your answer is in the affirmative, please state:

   (a) A full description of each fact you rely upon in alleging that Defendant Richard Dziadosz was not qualified to be a police officer due to lack of experience;
   (b) A full description of each fact you reply upon in contending that Defendant Richard Dziadosz was not qualified to be a police officer due to lack of training;
   (c) A full description of each fact you reply upon in contending that Defendant Richard Dziadosz was not qualified to be a police officer due to demonstrable propensities for excessive force, violence and other misconduct, including a full description of each incident of excessive force, violence or other misconduct involving Defendant Richard Dziadosz before October 4, 2011, including the date of each incident, and the identity of each person involved in each incident;
   (d) The identity of all persons having knowledge that Defendant Richard Dziadosz was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, and other misconduct, including a description of each person's knowledge about these facts; and
   (e) Identify all documents relating to or evidencing that Defendant Richard Dziadosz was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, or other misconduct.

**ANSWER:**

**Yes. Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs state Defendant Dziadosz had no training in dealing with emotionally disturbed persons. (Leonesio Dep. 105-07.) Defendant Dziadosz was not**

trained in appropriate use of force, arrest procedures, treatment of subjects after arrest, monitoring subjects after use of force, monitoring subjects in custody, or reducing the risk of in-custody deaths. (See generally, Leonesio Dep.) Camden County inappropriately trained Defendant Dziadosz to put a knee on handcuffed subjects until they stop struggling. (See Dziadosz Dep.) Furthermore, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.

21. Do you contend that Defendant Larry Rutherford was not qualified to be a police officer due to lack of experience, lack of training or because he had "demonstrable propensities for excessive force, violence, and other misconduct" as alleged in Paragraph 24(b) of the First Amended Complaint? Yes ☒ No ☐. If your answer is in the affirmative, please state:

(a) A full description of each fact you rely upon in alleging that Defendant Larry Rutherford was not qualified to be a police officer due to lack of experience;
(b) A full description of each fact you reply upon in contending that Defendant Larry Rutherford was not qualified to be a police officer due to lack of training;
(c) A full description of each fact you reply upon in contending that Defendant Larry Rutherford was not qualified to be a police officer due to demonstrable propensities for excessive force, violence and other misconduct, including a full description of each incident of excessive force, violence or other misconduct involving Defendant Larry Rutherford before October 4, 2011, including the date of each incident, and the identity of each person involved in each incident;
(d) The identity of all persons having knowledge that Defendant Larry Rutherford was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, and other misconduct, including a description of each person's knowledge about these facts; and
(e) Identify all documents relating to or evidencing that Defendant Larry Rutherford was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, or other misconduct.

**ANSWER:**

**Yes. Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs state Defendant Rutherford had no training in dealing with emotionally disturbed persons. (Leonesio Dep. at 105-07.) Defendant Rutherford was not trained in appropriate use of force, arrest procedures, treatment of subjects after arrest, monitoring subjects after use of force, monitoring subjects in custody, or reducing the risk of in-custody deaths. (See generally, Leonesio Dep.) Camden County inappropriately trained Defendant Rutherford to**

put a knee on handcuffed subjects until they stop struggling. (See Dziadosz Dep.) Furthermore, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.

22. Do you contend that Defendant Jamee Watson was not qualified to be a police officer due to lack of experience, lack of training or because he had "demonstrable propensities for excessive force, violence, and other misconduct" as alleged in Paragraph 24(b) of the First Amended Complaint? Yes ☒ No ☐. If your answer is in the affirmative, please state:

(a) A full description of each fact you rely upon in alleging that Defendant Jamee Watson was not qualified to be a police officer due to lack of experience;
(b) A full description of each fact you reply upon in contending that Defendant Jamee Watson was not qualified to be a police officer due to lack of training;
(c) A full description of each fact you reply upon in contending that Defendant Jamee Watson was not qualified to be a police officer due to demonstrable propensities for excessive force, violence and other misconduct, including a full description of each incident of excessive force, violence or other misconduct involving Defendant Jamee Watson before October 4, 2011, including the date of each incident, and the identity of each person involved in each incident;
(d) The identity of all persons having knowledge that Defendant Jamee Watson was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, and other misconduct, including a description of each person's knowledge about these facts; and
(e) Identify all documents relating to or evidencing that Defendant Jamee Watson was not qualified to be a police officer due to lack of experience, lack of training, or because he had demonstrable propensities for excessive force, violence, or other misconduct.

**ANSWER:**

**Yes. Plaintiffs incorporate their initial objections. Subject to and without waiving these objections, Plaintiffs state Defendant Watson had no training in dealing with emotionally disturbed persons. (Leonesio Dep. at 105-07.) Defendant Watson was not trained in appropriate use of force, arrest procedures, treatment of subjects after arrest, monitoring subjects after use of force, monitoring subjects in custody, or reducing the risk of in-custody deaths. (See generally, Leonesio Dep.) Camden County inappropriately trained Defendant Watson to put a knee on handcuffed subjects until they stop struggling. (See Dziadosz Dep.) Furthermore, Plaintiffs have not had the opportunity to depose Defendants or a representative from Camden County Sheriff's Department. Plaintiffs reserve the right to supplement upon further discovery.**

**THE SIMON LAW FIRM, P.C.**

By:
/s/ Kevin M. Carnie, Jr.
John G. Simon, #35321MO
Kevin M. Carnie Jr., #60979MO
800 Market Street, Suite 1700
St. Louis, MO 63101
Telephone: 314-241-2929
Facsimile: 314-241-2029
jsimon@simonlawpc.com
kcarnie@simonlawpc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September 2013, I served the foregoing upon all counsel of record by e-mail and regular mail.

/s/     Kevin M. Carnie, Jr.