IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

CENTRAL DIVISION

|  |  |
|---|---|
| SPENCER NORMAN, KIEFER NORMAN, COURTNEY NORMAN and HELEN S. NORMAN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CAMDEN COUNTY, BRIAN D. FIENE, DWIGHT D. FRANKLIN, RICHARD B. DZIADOSZ, LARRY L. RUTHERFORD, and JAMEE L. WATSON,<br><br>          Defendants. | CASE NO.<br>2:12-CV-04210-NKL |

------------------------------

DEPOSITION OF RONALD O'HALLORAN, M.D.

LOS ANGELES, CALIFORNIA.

FRIDAY, JUNE 14, 2013

REPORTED BY:
JANALEE WHITACRE
CSR NO. 12223

L.A. Reporters
(800) 675-9700     www.LAReporters.com



EXHIBIT
5

1 Q. Doctor, I guess what I consider your opinions,
2 the last two paragraphs of your report contain your
3 opinions; is that correct?
4 **A. They do.**
5 Q. All right. And that's the opinions you're
6 going to testify about in this case; is that right?
7 **A. At this point, from the information I have,**
8 **that's -- will summarize the opinions.**
9 Q. All right. In your opinion, what was the cause
10 of Glenn Norman's death in this case?
11 **A. In my opinion, he died from asphyxia during**
12 **restraint, what I would call restraint asphyxia by chest**
13 **compression.**
14 Q. Is that opinion to a reasonable degree of
15 medical certainty or to a reasonable degree of medical
16 probability?
17 **A. Medical probability.**
18 Q. You also render an opinion that you believe, if
19 the deputies had observed him being unconscious rather
20 than assuming he was asleep, that they could have
21 summoned medical care and started CPR promptly and, more
22 likely than not, it would have given him a reasonable
23 chance of survival and recovery. Is that correct?
24 **A. Let me see if that's the way I worded it.**
25 Q. I just paraphrased it. I take it that's the

1 way you worded it.
2 **A. Let me check.**
3 Q. All right.
4 **A. You did paraphrase it differently than the way**
5 **I wrote it. So do you want me to read it the way I**
6 **wrote it?**
7 Q. All right. Well, let's -- what is your second
8 opinion, then? I don't want to be unfair to you.
9 **A. Okay. My second opinion is that "had the**
10 **police officers paid closer attention to Mr. Norman's**
11 **dire condition after being handcuffed, observing that he**
12 **was unconscious rather than assuming he was asleep, they**
13 **could have summoned medical care emergently and started**
14 **CPR promptly. More likely than not, this would have**
15 **given him a reasonable chance of survival and recovery."**
16 Q. And is that opinion to a reasonable degree of
17 medical certainty or a reasonable degree of medical
18 probability?
19 **MR. CARNIE:** I'm just going to do the same
20 objection as before. I think you guys are defining the
21 term differently. I don't think he understands the
22 definition that you're assuming.
23 **BY MR. HENSON:**
24 Q. Go ahead, Doctor.
25 **A. Can you repeat the question.**

1 Q. Is that opinion to a reasonable degree of
2 medical probability or a reasonable degree of medical
3 certainty?
4 **MR. CARNIE:** Same objection.
5 **THE WITNESS:** Well, I'm certain that the
6 statement that I wrote there is an accurate statement,
7 that he would have a reasonable chance of survival.
8 **BY MR. HENSON:**
9 Q. And, Doctor, you cannot say one way or another
10 whether Mr. Norman would have survived if they would
11 have started CPR earlier, can you?
12 **A. No.**
13 Q. And, Doctor, I've looked at some of the other
14 cases that you have reviewed involving restraint
15 asphyxia, and I didn't see that you've ever rendered
16 that opinion before. Have you rendered that opinion
17 before in a restraint asphyxia case?
18 **A. Which opinion?**
19 Q. The one we're talking about, that an individual
20 would have had a reasonable chance of survival if CPR
21 would have been started earlier.
22 **A. Could that include an increased chance of**
23 **survival? I know I've given that sort of testimony.**
24 Q. Well, the question I'm asking you, have you
25 rendered an opinion in a restraint asphyxia case before

1 that an individual would have what you worded here, "a
2 reasonable chance of survival and recovery" if CPR would
3 have been started earlier?
4 **A. I believe so.**
5 Q. Okay. So this is not the first time you've
6 given that opinion?
7 **A. To my recollection, no.**
8 Q. Okay. And you made a statement in that opinion
9 that you -- that the police officers assumed he was
10 asleep; is that correct?
11 **A. Yes.**
12 Q. All right. And I assume what you're talking
13 about, you're talking about when Mr. Norman lost
14 consciousness and started to, what the officers thought,
15 snore; is that correct?
16 **A. Yes.**
17 Q. And do you think that was a reasonable
18 assumption on the part of the police officers, when he
19 lost consciousness and started to snore, that they
20 thought he was asleep?
21 **A. Yes.**
22 Q. And when you talk about your opinion about
23 restraint asphyxia in this case being more probable than
24 not, does that mean that there are potentially other
25 causes of Mr. Norman's death in this case?

Page 190

```
1
2
3
4
5
6
7        I declare under penalty of perjury
8    under the laws of the State of California
9    that the foregoing is true and correct.
10       Executed on _____, 2013,
11    at _____, California.
12
13
14
15       _____
16       SIGNATURE OF THE WITNESS
17
18
19
20
21
22
23
24
25
```

Page 191

```
1    STATE OF CALIFORNIA      )
                              ) ss.
2    COUNTY OF LOS ANGELES    )
3
4        I, Janalee Whitacre, C.S.R. No. 12223, do hereby
5    certify:
6        That the foregoing deposition of RONALD O'HALLORAN,
7    M.D., was taken before me at the time and place therein
8    set forth, at which time the witness was put under oath
9    by me;
10       That the testimony of the witness and all
11   objections made at the time of the examination were
12   recorded stenographically by me, were thereafter
13   transcribed under my direction and supervision and that
14   the foregoing is a true record of same.
15       I further certify that I am neither counsel for nor
16   related to any party to said action, nor in any way
17   interested in the outcome thereof.
18       IN WITNESS WHEREOF, I have subscribed my name this
19   June 19, 2013.
20
21
22       _____
23           Janalee Whitacre, CSR NO. 12223
24
25
```

Case 2:12-cv-04210-NKL   Document 116-7   Filed 01/16/14   Page 3 of 3