IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SPENCER NORMAN, KIEFER NORMAN, COURTNEY NORMAN, and HELEN S. NORMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CAMDEN COUNTY, BRIAN D. FIENE, DWIGHT D. FRANKLIN, RICHARD B. DZIADOSZ, LARRY L. RUTHERFORD, and JAMEE L. WATSON,<br><br>Defendants. | Case No.: 2:12-CV-04210-NKL |

**JUDGMENT AND ORDER UNDER § 537.095 R.S.MO. (2011) APPROVING SETTLEMENT FOR THE INJURIES TO AND DEATH OF GLENN DAVID NORMAN, DECEASED, BETWEEN THE HEIRS AND BENEFICIARIES OF GLENN DAVID NORMAN, DECEASED AND DEFENDANT CAMDEN COUNTY, MISSOURI, AND THE COLLECTION AND DISTRIBUTION OF THE SETTLEMENT PROCEEDS TO THE HEIRS AND BENEFICIARIES OF GLENN DAVID NORMAN, DECEASED**

On the 19th day of June, 2014, this cause came on for hearing of the Joint Application for Approval of Wrongful Death Settlement and To Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Glenn David Norman, Deceased ("Joint Application"). Plaintiffs Spencer Norman, individually and as a natural son of Glenn David Norman, deceased, Kiefer Norman, individually and as a natural son of Glenn David Norman, deceased, Plaintiff Courtney Norman, individually and as natural a daughter of Glenn David Norman, deceased, and Plaintiff Helen S. Norman, individually and as the mother of Glenn David Norman, deceased ("Plaintiffs") appear in person and by attorneys Kevin M. Carnie, Jr. and Noel A. Sevastianos. Rhonda Norman, individually and as the spouse of Glenn David Norman, deceased, appears in person and by attorneys Kevin M. Carnie, Jr. and Dale C. Doerhoff (the individual Plaintiffs will be referred to

1

herein as "Plaintiffs"). Defendant Camden County, Missouri ("Defendant") appears through counsel D. Keith Henson. After reviewing the Joint Application, hearing evidence from the Plaintiffs, and statements of counsel, the Court makes the following findings:

1. Plaintiffs have asserted claims for damages against the Defendant arising out of the death of their father, son, and husband Glenn David Norman in Camden County, Missouri on October 4, 2011. Plaintiffs contend that the death of Glenn David Norman was caused by the acts, omissions, and negligence of the Defendant arising out of the arrest of Glenn David Norman by deputy sheriffs of Camden County, Missouri, and include claims for injuries to and death of Glenn David Norman on October 4, 2011 pursuant to the Missouri Wrongful Death Act, R.S.Mo. § 537.080. et seq. as is more specifically alleged in the First Amended Complaint filed herein and incorporated herein by reference. Defendant has generally and specifically denied the claims of the Plaintiffs in the First Amended Complaint in its answer filed herein which is incorporated herein by reference.

2. Decedent Glenn David Norman is survived by his natural son Plaintiff Spencer Norman, his natural son Plaintiff Kiefer Norman, his natural daughter Plaintiff Courtney Norman, his mother Helen S. Norman, and his spouse Plaintiff Rhonda Norman, who are the individuals entitled to bring this action for the wrongful death of Glenn David Norman under R.S.Mo. § 537.080.1(1) (2011). No other person known to the Parties hereto is entitled to bring this action for the wrongful death of Glenn David Norman under R.S.Mo. § 537.080.1(1) (2011) other than the individuals identified in this paragraph.

3. Pursuant to the provisions of R.S.Mo. § 537.095 (2011), all individuals having any cause of action under R.S.Mo. § 537.080.1(1) (2011) for the wrongful death of Glenn David Norman, deceased, have been notified of this cause of action, the filing of the Joint Application for Approval of the Wrongful Death Settlement and to Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Glenn David Norman, deceased, and the date of the hearing on the Joint Application for Approval of the Wrongful Death Settlement and to Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Glenn David Norman, deceased, by being a Plaintiff herein.

4. Pursuant to the provisions of R.S.Mo. § 537.095 (2011), Plaintiffs may compromise and settle the claim for the injuries to and damages for the wrongful death of Glenn David Norman, deceased, as described in paragraph 1 without the joinder of any other party. All heirs and beneficiaries have had the opportunity to attend the hearing to approve the settlement to protect their respective interests in the settlement and in the distribution of the settlement proceeds to the heirs and beneficiaries of Glenn David Norman, deceased.

5. This Court has venue and jurisdiction over this cause of action because the alleged acts causing the death of Glenn David Norman, deceased, occurred in Camden County, Missouri located in the State of Missouri and within this division of the United States District Court for the Western District of Missouri.

6. Although claims have been made against the Defendant, Defendant has denied and continues to deny any negligence or fault with respect to the incidents or

occurrences allegedly causing the death of Glenn David Norman as are alleged in the First Amended Complaint filed herein and incorporated herein by reference.

7. Plaintiffs have continued to pursue their cause of action against the Defendant and believe that the amount of liability and damages attributable to Defendant has been and is contested as to liability and to the extent of damages and each Plaintiff acknowledges that Defendant has denied any liability to each Plaintiff for any claims asserted for the injuries to and death of Glenn David Norman on October 4, 2011.

8. Taking into consideration the expense, delay, and uncertainty of litigation, all Plaintiffs and Defendant have agreed to a settlement and compromise of the aforementioned claims subject to the Court's approval. The Parties have agreed to settle all of the Plaintiffs' claims against the Defendant, including Plaintiffs' claims for damages for the death of Glenn David Norman, for injuries to Glenn David Norman before his death, for Glenn David Norman's conscious pain and suffering before his death, for his pecuniary losses, for his funeral expenses, and for the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support suffered by reason of Glenn David Norman's death, and all other claims for damages against Defendant arising out of the injuries to and death of Glenn David Norman on October 4, 2011, including all claims for damages for wrongful death and other damages to Glenn David Norman provided in R.S.Mo. § 537.090 (2011), and all claims for damages to Glenn David Norman's surviving beneficiaries under R.S.Mo. § 537.080.1 by reason of the injuries received by Glenn David Norman and the

death of Glenn David Norman on October 4, 2011, the consideration for which is the payment of One Million Dollars ($1,000,000.00) to the heirs and beneficiaries ("Settlement Proceeds").

9. The Plaintiffs, with advice of counsel, having considered the circumstances surrounding the injuries to and death of Glenn David Norman, deceased, state and represent to the Court that they believe that this proposed offer of settlement and compromise is fair and reasonable and is in the best interest of the heirs and beneficiaries of Glenn David Norman, deceased, and should be approved by the Court.

10. Plaintiffs and Defendant seek the Court's approval of this settlement and a judgment awarding the Settlement Proceeds for the exclusive use and benefit of the Plaintiffs to be distributed to each Plaintiff and each Plaintiff's attorney in amounts as set forth herein.

11. Plaintiffs have agreed to satisfy and pay any and all liens or outstanding bills which have arisen out of the death of Glenn David Norman, deceased, or as a result of any medical care and treatment, funeral expenses, claims of other beneficiaries, liens, subrogation interests, or any other expenses incurred as a result of the incidents and occurrences arising out of the injuries to and death of Glenn David Norman, deceased, out of the Settlement Proceeds, including the satisfaction and payment of all attorneys' fees and liens for attorneys' fees for all attorneys representing the Plaintiffs herein, and have agreed to indemnify and hold harmless Defendant and its insurer for all such claims, liens, and expenses.

12. Plaintiffs herein contracted with The Simon Law Firm, P.C. to represent their interest in this cause of action against the Defendant. Pursuant to the Contract of Employment, The Simon Law Firm, P.C. is entitled to attorneys' fees in the amount of Three Hundred Thirty-three Thousand Three Hundred Thirty-three and 33/100 Dollars ($333,333.33). Pursuant to the Contract of Employment, Plaintiffs also agreed to pay costs and expenses to The Simon Law Firm, P.C. not to exceed the amount of Twenty-five Thousand and 00/100 Dollars ($25,000.00) with The Simon Law Firm, P.C. incurring total costs and expenses in this case in the amount of One Hundred Thousand Nine Hundred Thirty-one and 19/100 Dollars ($100,931.19). Pursuant to the Contract of Employment, The Simon Law Firm, P.C. is entitled to payment for costs and expenses in the amount of Twenty-five Thousand and 00/100 Dollars ($25,000.00) if the proposed settlement is approved and carried out.

13. Each Plaintiff requests that the Court approve the payment of attorneys' fees in the amount of Three Hundred Thirty-three Thousand Three Hundred Thirty-three and 33/100 Dollars ($333,333.33) and the payment of costs and expenses in the amount of Twenty-five Thousand and 00/100 Dollars ($25,000.00) to The Simon Law Firm, P.C. from the Settlement Proceeds and that the net amount of the Settlement Proceeds in the amount of Six Hundred Forty-one Thousand Six Hundred Sixty-six and 67/100 Dollars ($641,666.67) ("Net Settlement Proceeds") be paid and distributed from the Settlement Proceeds to each Plaintiff as set forth herein.

14. Plaintiffs and Defendant agree that the settlement proceedings for which approval of this Court is requested are not to be construed as an admission of liability on the party of anyone, with Defendant denying that it was individually or collectively negligent or at fault with respect to the incidents or occurrences described in the First Amended Complaint and denying any liability for the injuries to and death of Glenn David Norman, deceased, on October 4, 2011.

15. By reason of a prior disagreement between the Plaintiffs about the distribution of the Net Settlement Proceeds, Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, and Helen S. Norman have retained attorney Noel A. Sevastianos to represent their interest in the distribution of the Net Settlement Proceeds to the heirs and beneficiaries of Glenn David Norman, deceased. Likewise, Rhonda Norman retained attorney Dale C. Doerhoff to file a motion for her to intervene as a Plaintiff in this cause which was sustained by the Court on April 16, 2014, and to represent her interest in the distribution of the Net Settlement Proceeds to the heirs and beneficiaries of Glenn David Norman, deceased. The original Plaintiffs and Rhonda Norman, now a Plaintiff herein, have agreed to pay their additional counsel Noel A. Sevastianos and Dale C. Doerhoff attorneys' fees for representing each of them from each Plaintiff's share of the Net Settlement Proceeds distributed to each Plaintiff after the payment of attorneys' fees, costs, and expenses to The Simon Law Firm, P.C.

16. Subject to the approval of the settlement by the Court and the Court determining the amount of the distribution from the Net Settlement Proceeds to each Plaintiff, Plaintiff Spencer Norman, individually and as the natural son of Glenn David

Norman, deceased, Plaintiff Kiefer Norman, individually and as the natural son of Glenn David Norman, deceased, Plaintiff Courtney Norman, individually and as the natural daughter of Glenn David Norman, deceased, Plaintiff Helen S. Norman, individually and as the mother of Glenn David Norman, deceased, and Plaintiff Rhonda Norman, individually and as the spouse of Glenn David Norman, deceased, have agreed to execute a General and Full Release of All Claims and Indemnity Agreement tendered by the Defendant releasing the Defendant and its past, present, and future agents, servants, employees, representatives, deputy sheriffs, sheriffs, elected and appointed officials, and insurance carrier from all claims arising out of the injuries to and death of Glenn David Norman, deceased, on October 4, 2011 as is asserted or that could have been asserted in the First Amended Complaint and releasing all claims under the law against the Defendant, and its past, present, and future agents, servants, employees, representatives, officials, deputy sheriffs, sheriffs, elected and appointed officials, and insurance carrier for the injuries to and death of Glenn David Norman, deceased.

17. The Plaintiffs and Defendant agree that this settlement, if approved by the Court, is a good faith settlement with the Defendant and Plaintiffs and Defendant request the Court to find that releases executed by the Plaintiffs are given in good faith to the Defendant as that term is used in § 537.060 R.S.Mo. (2011).

18. The Defendant also requests the Court to order each Plaintiff who will receive a distribution of the Net Settlement Proceeds to execute and file a receipt herein tendered by the Defendant confirming the payment of the Settlement Proceeds to each Plaintiff as an heir and beneficiary of Glenn David Norman, deceased, as

8
Case 2:12-cv-04210-NKL   Document 140   Filed 06/20/14   Page 8 of 14

approved and ordered by the Court herein and to execute and file a Release and Satisfaction of Judgment when the payments are made to each Plaintiff to satisfy the judgment approving the settlement and the distribution of the Settlement Proceeds.

19. The Defendant also requests the Court to order The Simon Law Firm, P.C. to file a receipt for the payment of attorneys' fees, costs, and expenses as approved by the Court upon the payment of the attorneys' fees, costs, and expenses to The Simon Law Firm, P.C.

20. The Plaintiffs request the Court to grant each of them leave to waive a jury herein and to submit all issues in the proposed settlement to this Court for a determination and approval of the wrongful death settlement and to hear and determine the amount of the distribution of the Net Settlement Proceeds to each Plaintiff as an heir and beneficiary of Glenn David Norman, deceased, as is requested herein.

Based upon the foregoing findings and the evidence from the Plaintiffs and statements of counsel at the hearing to approve the Joint Application, it is hereby

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

(a) That this Court has jurisdiction and venue over this cause of action and the settlement of the claims for the injuries to and death of Glenn David Norman, deceased, and that each Plaintiff is granted leave to waive a jury herein and to submit all issues of the proposed settlement to this Court for a determination;

(b) That pursuant to the provision of R.S.Mo. § 537.095 (2011), all heirs and beneficiaries having a cause of action under R.S.Mo. § 537.080.1(1) (2011) for

the injuries to and death of Glenn David Norman, deceased, have been duly notified of the claims asserted for the injuries to and death of Glenn David Norman, deceased, the filing of the Joint Application for Approval of the Wrongful Death Settlement and to Distribute the Settlement Proceeds to the Heirs and Beneficiaries of Glenn David Norman, Deceased, and the date and time of the hearing for the Court to approve the settlement as is requested herein and to approve the distribution of the Settlement Proceeds to the heirs and beneficiaries of Glenn David Norman, deceased, and are before the Court as Plaintiffs in this action;

(c) That pursuant to the provisions of R.S.Mo. § 537.095 (2011), Plaintiffs may compromise and settle the claim for damages for the wrongful death of Glenn David Norman, deceased, as heirs and beneficiaries of Glenn David Norman, deceased, under R.S.Mo. § 537.095.1 (2011) without the joinder of any other party;

(d) That the aforementioned settlement for the injuries to and death of Glenn David Norman, deceased, is proper and is in the best interest of each Plaintiff and the heirs and beneficiaries of Glenn David Norman, deceased, and should be approved;

(e) That the settlement for the injuries to and death of Glenn David Norman, deceased for the Settlement Proceeds in the amount of One Million and 00/100 Dollars ($1,000,000.00) is approved with the distribution of the Settlement Proceeds to the Plaintiffs, individually and as heirs and beneficiaries of Glenn

David Norman, deceased after the deduction of the attorneys' fees and costs paid to The Simon Law Firm, P.C. by the Plaintiffs to be as follows:

1. The sum of One Hundred Twenty-eight Thousand Three Hundred Thirty-three and 33/100 Dollars ($128,333.33) to Spencer Norman, individually and as a natural son of Glenn David Norman, deceased;

2. The sum of One Hundred Twenty-eight Thousand Three Hundred Thirty-three and 33/100 Dollars ($128,333.33) to Kiefer Norman, individually and as a natural son of Glenn David Norman, deceased;

3. The sum of One Hundred Twenty-eight Thousand Three Hundred Thirty-three and 33/100 Dollars ($128,333.33) to Courtney Norman, individually and as a natural daughter of Glenn David Norman, deceased;

4. The sum of One Hundred Twenty-eight Thousand Three Hundred Thirty-three and 35/100 Dollars ($128,333.35) to Helen S. Norman, individually and as the mother of Glenn David Norman, deceased; and

5. The sum of One Hundred Twenty-eight Thousand Three Hundred Thirty-three and 33/100 Dollars ($128,333.33) to Rhonda Norman, individually and as the spouse of Glenn David Norman, deceased.

(f) That the Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, Helen S. Norman, and Rhonda Norman entered into a contract of employment with The Simon Law Firm, P.C. to represent their interests in the cause of action and claims asserted against the Defendant for the injuries to and death of Glenn David Norman, deceased, and pursuant to the contract of employment and the request of the Plaintiffs, The Simon Law Firm, P.C. is entitled to attorneys' fees of Three Hundred Thirty-three Thousand Three Hundred Thirty-three and 33/100 Dollars ($333,333.33) and the payment of expenses and costs in the amount of Twenty-five Thousand and 00/100 ($25,000.00) from the settlement for the injuries to and death of Glenn David Norman, deceased, which is approved by the Court to be paid from the Settlement Proceeds approved herein;

(g) That Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, and Helen S. Norman have retained attorney Noel A. Sevastianos to represent their interest at the hearing for the distribution of the Net Settlement Proceeds to the heirs and beneficiaries of Glenn David Norman, deceased, and Plaintiff Rhonda Norman has retained attorney Dale C. Doerhoff to represent her interest at the hearing for the distribution of the Net Settlement Proceeds to the heirs and beneficiaries of Glenn David Norman, deceased;

(h) That Plaintiffs Spencer Norman, Kiefer Norman, Courtney Norman, and Helen S. Norman will pay their additional counsel Noel A. Sevastianos attorneys' fees for representing them from the Settlement Proceeds distributed to them and Plaintiff Rhonda Norman will pay her additional counsel Dale C. Doerhoff attorneys' fees for representing her from the Settlement Proceeds distributed to her as ordered by the Court in paragraph (e);

(i) That Plaintiff Spencer Norman, individually and as a natural son of Glenn David Norman, deceased, Plaintiff Kiefer Norman, individually and as a natural son of Glenn David Norman, deceased, Plaintiff Courtney Norman, individually and as a natural daughter of Glenn David Norman, deceased, Plaintiff Helen S. Norman, individually and as the mother of Glenn David Norman, deceased, and Plaintiff Rhonda Norman, individually and as the spouse of Glenn David Norman, deceased, are ordered, empowered, authorized, and directed to execute a General and Full Release of All Claims and Indemnity Agreement as tendered by the Defendant releasing and discharging Defendant and its past, present, and future agents, servants, employees, representatives, deputy sheriffs, sheriffs, elected and

appointed officials, and insurance carrier from any and all liability for claims arising from the injuries to and death of Glenn David Norman, deceased, and agreeing to indemnify and hold harmless the Defendant and its insurer for all claims, liens, and expenses arising out of the injuries to and death of Glenn David Norman, deceased, upon the payment of the Settlement Proceeds approved herein to each Plaintiff as determined by the Court;

(j) That the settlement is a good faith settlement with the Defendant and the General and Full Release of All Claims and Indemnity Agreement executed by the Plaintiffs is given to the Defendant in good faith pursuant to R.S.Mo. § 537.060 (2011);

(k) That the payment of the Settlement Proceeds is not to be construed as an admission of liability on the part of the Defendant with Defendant denying any negligence or fault with respect to the incidents or occurrences causing the injuries to and death of Glenn David Norman, deceased, on October 4, 2011;

(l) That each Plaintiff shall collect the Settlement Proceeds and execute and file a receipt for the payment to each of them from the Settlement Proceeds approved herein and that each Plaintiff will execute and file a Release and Satisfaction of Judgment for the payment of the Judgment herein;

(m) That The Simon Law Firm, P.C. shall file a receipt for the payment of attorneys' fees, costs, and expenses approved herein upon the payment of the attorneys' fees, costs, and expenses to The Simon Law Firm, P.C.; and

(n) That each Plaintiff shall bear and be responsible to pay the cost and attorneys' fees incurred by each Plaintiff in this case and Defendant shall bear and be responsible to pay the cost and attorneys' fees incurred by Defendant in this case.


Dated: June 20, 2014 /s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge